

FILED & ENTERED

DEC 17 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>OWEN JAMES THORNTON,<br><br>      Debtor. | No. 2:12-bk-29526-RK<br><br>Chapter 7<br><br>**SEPARATE STATEMENT OF DECISION ON DEBTOR'S MOTION TO AVOID LIEN OF JUDGMENT CREDITOR NAVI MADDY**<br><br>Date:  December 10, 2019<br>Time:  11:00 a.m.<br>Courtroom: 1675 |

  By separate order being filed and entered concurrently herewith, the court grants the motion of debtor Owen James Thornton to avoid the judgment lien of judgment creditor Navi Maddy pursuant to 11 U.S.C. § 522(f). Having considered the moving, opposing, reply and sur-reply papers of the parties and the oral arguments of the parties at the hearings on October 15, 2019, November 12, 2019 and December 10, 2019, the court determines that the circumstances described in creditor's opposition for denial of the motion only shows that the prejudice alleged by the creditor is from the delay of debtor in filing the lien avoidance motion, i.e., seven years after the bankruptcy case was filed, and delay by itself as described in the opposition does not constitute prejudice

to creditor to warrant denial of the motion. *In re Chabot,* 992 F.2d 891, 893 and n. 1 (9th Cir. 1993).

The undisputed evidence in the papers relating to the motion establishes that the creditor's judgment lien impairs debtor's exemption in the subject property. Based on the valuation of the subject property by creditor's appraiser, Glenn W. Lee, of $828,000 as of the petition date in June 2012, this leaves equity of $94,334.27 for debtor and his co-owner, now spouse, who acquired the property before marriage as joint tenants after subtracting the undisputed value of the unavoided liens of $733,665.73 from the first and second trust deeds securing liens on the property. Debtor's 50% share of the equity is $47,167.14 protected by his claimed $50,000 homestead exemption under California Code of Civil Procedure § 704.730. Assertion of the creditor's judgment lien of $69,193.00 would impair the debtor's homestead exemption in his $47,167.14 equity, and thus, the lien is avoidable in its entirety under 11 U.S.C. § 522(f). 11 U.S.C. § 522(f)(2); *In re Meyer,* 373 B.R. 84, 89-92 (9th Cir. BAP 2007). (The court also notes that using the valuation of the subject property at $765,000 by debtor's appraiser, Michael Rorwick, yields the same result that the lien impairs debtor's exemption.)

For the reasons stated herein and in the moving and reply papers, the court will grant debtor's motion.

IT IS SO ORDERED.          ###

Date: December 17, 2019

_____
Robert Kwan
United States Bankruptcy Judge